# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

No. 17-30923
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 9, 2018

Lyle W. Cayce
Clerk

In re: In the Matter of the Complaint of MAGNOLIA FLEET, L.L.C., as Owner of the M/V PINTAIL, its engines, tackle, appurtenances, furniture, etc., and RIVER CONSTRUCTION, INCORPORATED, as Operator of the M/V PINTAIL, its engines, tackle, appurtenances, furniture, etc., for Exoneration from or Limitation of Liability

MAGNOLIA FLEET, L.L.C., as Owner of the M/V PINTAIL, its engines, tackle, appurtenances, furniture, etc.; RIVER CONSTRUCTION, INCORPORATED, as Operator of the M/V PINTAIL, its engines, tackle, appurtenances, furniture, etc.,

      Petitioners - Appellees

v.

CARL SWAFFORD,

      Claimant - Appellant

————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-12297

————————

Before KING, ELROD, and HIGGINSON, Circuit Judges.

No. 17-30923

PER CURIAM:[*]

James Swafford was killed on December 30, 2015, when the vessel he was on capsized in the Mississippi River. Facing actual and potential lawsuits, the vessel's owner and its operator—Magnolia Fleet, LLC, and River Construction, Inc., respectively—who are also the Appellees in this case, filed a complaint in federal court to exonerate or limit their liability. Other litigation was stayed, and various claimants answered the Appellees' complaint. Eventually, all claims against the Appellees were settled and dismissed, except for Carl Swafford's—James Swafford's father and the Appellant in this case.

In his answer, Carl Swafford claimed that the Appellees were liable under the Jones Act for negligence and under general maritime law for unseaworthiness. He alleged several types of damages: survival damages based on his son's pain and suffering before death; loss of his son's future earnings; loss of his son's consortium, love, and affection; punitive damages; and pecuniary damages for loss of support and services. In response, the Appellees moved for summary judgment.

The district court granted the Appellees' motion. It held that survival damages, loss of future earnings, loss of society, and punitive damages were not available remedies as a matter of law. It also dismissed Swafford's claim for pecuniary damages, holding that he failed to create a genuine dispute of material fact over whether he suffered any loss of support or services. Swafford now appeals.

We conclude that the district court's grant of summary judgment was proper as Swafford cannot show he is entitled to any of the damages he seeks.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

No. 17-30923

Our review is de novo, and we apply the same standard on appeal as the district court applied below. *See Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Swafford's claims for survival damages and loss of future earnings fail for the same reason—Swafford failed to adequately brief an argument that he is the proper party to sue for such damages. *See Norris v. Causey*, 869 F.3d 360, 373-74 n.10 (5th Cir. 2017); *see also* Fed. R. App. P. 28(a)(8)(A) (requiring appellant's argument to contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which appellant relies"). The district court concluded that only the personal representative of his son's estate may sue for survival damages under the Jones Act and general maritime law. *See Ivy v. Sec. Barge Lines, Inc.*, 585 F.2d 732, 734-35 (5th Cir. 1978), *aff'd on reh'g*, 606 F.2d 524 (5th Cir. 1979). The district court further concluded that wrongful death damages—which includes the loss of future earnings—are available for the parent of a Jones Act seamen only if the seaman is not survived by a child or spouse. *See Sistrunk v. Circle Bar Drilling Co.*, 770 F.2d 455, 456 (5th Cir. 1985). Here, it is uncontroverted that Swafford is not the representative of his son's estate and that his son was survived by a child. Thus he may not recover survival damages or loss of future earnings as a matter of law.

Swafford's claims for loss of his son's society, and punitive damages also fail. Swafford does not dispute that in a wrongful death case under the Jones Act and general maritime law, a survivor's recovery is limited to pecuniary losses and punitive damages and loss of society are not covered. *See McBride v. Estis Well Serv., L.L.C.*, 768 F.3d 382, 391 (5th Cir. 2014) (en banc);

3

No. 17-30923

*Scarborough v. Clemco Indus.*, 391 F.3d 660, 666-68 (5th Cir. 2004).[1] Accordingly, we find any argument against such a conclusion forfeited. *See Norris*, 869 F.3d at 373-74 n.10; *see also* Fed. R. App. P. 28(a)(8)(A).

Finally, the district court properly found that no genuine issue of material fact exists on Swafford's claim for pecuniary damages based on the alleged loss of his son's support and services. In his response to Appellees' summary judgment motion, Swafford's only evidence on this issue was an unsworn, unauthenticated, hearsay document listing monthly expenses his son allegedly paid him prior to his death. After the district court granted summary judgment against him, Swafford moved to reconsider, this time swearing to the same amounts previously submitted. The district court properly held that Swafford had no good cause for late submission of his evidence. Alternatively, it also properly concluded that Swafford's unsupported allegations of conclusory facts in his affidavit—which were unaccompanied by bills, check stubs, account statements, invoices, or other documents—were insufficient to defeat a summary judgment motion. *See BMG Music v. Martinez*, 74 F.3d 87, 91 (5th Cir. 1996) (finding no genuine dispute when the defendant's only support for his theory was his own "conclusory" and "self-serving" statement); *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) ("[U]nsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment.").

---

[1] Separately, Swafford claims that he is entitled to punitive damages from the Appellees' alleged willful failure to pay maintenance and cure benefits. The district court properly rejected this claim as it determined that no such benefits were due to Swafford's son. "A claim for maintenance and cure concerns the vessel owner's obligation to provide food, lodging, and medical services to a seaman injured while serving the ship." *Atl. Sounding Co., Inc. v. Townsend*, 557 U.S. 404, 407-08 (2009) (quoting *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 441 (2001)). It is undisputed that Swafford's son died soon after the accident, and thus neither Swafford nor his son are entitled to any maintenance and cure benefits.

No. 17-30923

For the foregoing reasons, the judgment of the district court is AFFIRMED.